## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIONELL L. HARRIS,**
**#M14206,**

        **Plaintiff,**

v.

**C/O WILKINS, and**
**C/O WIMBERLY,**

        **Defendants.**

**Case No. 26-cv-00036-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN**, District Judge:

Plaintiff Lionell L. Harris, an inmate in the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center (Lawrence), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on June 24, 2025, while at Lawrence, he was admitted to the crisis unit after having a mental breakdown and "dealing with conditions

Page 1 of 6

[involving] his mental health, such as [his] depression disorder." (Doc. 1, p. 5). He states that during his time in the crisis unit he was not allowed to speak with mental health professionals. (*Id*. p. 5).

On July 13, 2025, and again on July 14, 2025, while Plaintiff was on suicide watch, Correctional Officers Wilkins and Wimberly, who were working in the crisis unit on the third shift, gave Plaintiff "access" to plastic bags. (Doc. 1, p. 5). During a procedural walk-through, Plaintiff claims that Wilkins stopped at his cell and stated, "I dont care if you kill yourself, it takes 5 mins to suffocate yourself then the pain you feel will be all over. Jus dont do it on my shift cause I hate the paperwork." (*Id*.). Plaintiff states that Wilkins then gave him a thumbs up and walked away. (*Id*. p. 5-6). Later that same day, Plaintiff describes informing Wimberly that he had been waiting several hours for a tissue. (*Id*. p. 6). Wimberly responded, "Im not coming down here every freakin 15 minutes to bring tissue Im not a damn babysitter." (*Id*. p. 6).

Because of his "depression disorder along with [the] officer's inducement," Plaintiff states that the following day, July 15, 2025, he attempted to commit suicide "by strangulation and suffocation with [a] bag and string." (Doc. 1, p. 6). While Plaintiff was choking and suffocating, he was sprayed with mace and "met with brute force by officers who came and body [slammed] [him] onto [a] metal toilet," resulting in injuries to his neck and back. (*Id*.). Plaintiff alleges that "this issue was grieved and ignored," and he has yet to receive adequate medical treatment for his injuries. (*Id*.). Plaintiff believes he was mistreated because of his mental disorder, and he

continues to not receive any mental health treatment. (*Id.*).

## PRELIMINARY DISMISSALS

The Court dismisses any claims Plaintiff is attempting to bring for denial of medical care following the use of excessive force, denial of adequate medical care for his mental health needs, as well as the use of excessive force. These claims are not associated with a listed defendant. The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States,* 416 F.3d 551,551-52 (7th Cir. 2005).

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following count:

**Count 1:**   Eighth Amendment claim against Wilkins and Wimberly for deliberate indifference to Plaintiff's serious risk of self-harm.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly[1]* pleading standard.**

## Count 1

An Eighth Amendment claim brought under Section 1983 contains both an objective and subjective component: "(1) the harm that befell the prisoner must be

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman,* 462, 757, 760 (7th Cir. 2006). Here, Plaintiff's attempted suicide constitutes an objectively serious medical condition. *See Lord v. Beahm,* 952 F.3d 902, 904 (7th Cir. 2020). As for the second subjective component, where "the harm at issue is a suicide or attempted suicide" Plaintiff must plead facts establishing that each Defendant "(1) subjectively knew [he] was at substantial risk of committing suicide and (2) intentionally disregarded the risk." *Collins,* 462 F.3d at 761.

Given that Plaintiff was on "suicide/crisis watch," where Wilkins and Wimberly were working, and Wilkins encouraged Plaintiff to suffocate himself, the Court can plausibly infer that Wilkins and Wimberly knew that Plaintiff was a suicide risk and there was a "significant likelihood that [Plaintiff] may imminently seek to take his own life," if given access to a plastic bag. *Collins,* 462 F.3d at 761. Count 1 will proceed against Wilkins and Wimberly for deliberate indifference to Plaintiff's risk of self-harm.

**DISPOSITION**

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Wilkins and Wimberly.

The Clerk of the Court shall prepare for Wilkins and Wimberly the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a

copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Local Rule 8.2, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915 (f)(2)(A).

Because this suit involves allegations regarding Plaintiff's physical and mental health, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41 (b).

**IT IS SO ORDERED.**

**DATED: July 24, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**

## NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling. Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.